UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    - v -                                                                 Crim. No. 1:24-MJ-0576
                                                                                       (DJS)

MARK TREMBLAY,

                              Defendant.

## ORDER OF DETENTION PENDING TRIAL

### Part I – Description of Charge

On December 16, 2024, Defendant made an initial appearance in this Court on a Criminal Complaint **[X]** or Indictment **[ ]**. The offense(s) charged are as follows:

Defendant is charged by Criminal Complaint with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a).

### Part II – Pretrial Services Report

Pretrial Services did **[X]** did not **[ ]** interview Defendant.
    **(1)** If Pretrial Services interviewed Defendant, the Pretrial Services Report was oral **[ ]** written **[X].**
    **(2)** If the Report was written, Counsel did **[X]** did not **[ ]** review that Report.
    **(3)** If Counsel reviewed the Report, they requested the following changes to the Report: After the Initial Report, Defendant clarified facts regarding his limited drug use. This change was incorporated in the Supplemental Pretrial Services Report.

### Part III – Eligibility for Detention

Upon the
    **[X]**    Motion of the Government Attorney pursuant to 18 U.S.C. § 3142(f)(1), or
    **[ ]**    Motion of the Government or the Court's own Motion pursuant to 18 U.S.C. § 3142(f)(2),
the Court held a Detention Hearing and found that detention is warranted. This Order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C § 3142(i), in addition to any other findings made at the Hearing.

**Part IV – Findings of Fact and Law as to Presumption under § 3142(e)**

**[ ]** **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** (*previous violator*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    **[ ] (1)** the Defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(g)(1):

        **[ ] (a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        **[ ] (b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        **[ ] (c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        **[ ] (d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        **[ ] (e)** any felony that is not otherwise a crime of violence but involves:

            **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

    **[ ] (2)** the Defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(2), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

    **[ ] (3)** the offense described in paragraph (2) above for which the Defendant has been convicted was committed while the Defendant was on release pending trial for a Federal, State, or local offense; **and**

    **[ ] (4)** a period of not more than five years has elapsed since the date of conviction, or the release of the Defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

**[X]**   **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** (*narcotics, firearm, other offenses*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community because there is probable cause to believe that the Defendant committed one or more of the following offenses:

> **[ ] (1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
> **[ ] (2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
> **[ ] (3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> **[ ] (4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
> **[X] (5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**[X]**   **C. Conclusions Regarding Applicability of Any Presumption Established Above:**

> **[ ]**   The Defendant has not introduced sufficient evidence to rebut the presumption above
>
> **OR**
>
> **[X]**   The Defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part V – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the Detention Hearing, the Court concludes that the Defendant must be detained pending trial because the Government has proven:

> **[X]**   By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

    **[X]**    By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the Defendant's appearance as required.

In addition to any findings made on the record at the Hearing, the reasons for detention include the following:

    **[X]** Weight of evidence against the Defendant is strong
    **[X]** Subject to lengthy period of incarceration if convicted
    **[ ]** Prior criminal history
    **[ ]** Participation in criminal activity while on probation, parole, or supervision
    **[ ]** History of violence or use of weapons
    **[ ]** History of alcohol or substance abuse
    **[ ]** Lack of stable employment
    **[ ]** Lack of stable residence
    **[ ]** Lack of financially responsible sureties
    **[ ]** Lack of significant community or family ties to this District
    **[ ]** Significant family or other ties outside the United States
    **[ ]** Lack of legal status in the United States
    **[ ]** Subject to removal or deportation after serving any period of incarceration
    **[ ]** Prior failure to appear in court as ordered
    **[ ]** Prior attempt(s) to evade law enforcement
    **[ ]** Use of alias(es) or false documents
    **[ ]** Background information unknown or unverified
    **[ ]** Prior violation of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

    This case involves the creation of child pornography by the Defendant, utilizing a toddler-relative over which he had custody and control. When confronted regarding the incident, the Defendant fully acknowledged that he created the videos in question and sent them over the Internet to a third party. Further discussions ensued regarding the third party's sexual exploitation of a minor, and Defendant's facilitation of that event. Some the charged conduct occurred while Defendant's wife is in the home, but asleep. As a result of the arrest, Defendant has now lost his position as a manager with Regeneron Pharmaceuticals.

    Counsel for Defendant has sufficiently overcome the statutory presumption by the production of evidence regarding the Defendant's lack of criminal history, his educational background, his employment history, and strong support from certain members of his family.

However, in the Court's view, the Defendant poses a significant risk of flight, possible self-harm, and is a danger to the community. This is based upon the nature of the offense, which is not merely the viewing of child pornography, but in fact the hands-on creation of two videos utilizing a small child over whom the Defendant had the responsibility of care. The victim's mother expressed concern regarding the events, as well as a concern concerning the Defendant's mental health and stability. Her statements were persuasive. The Defendant is facing a significant mandatory minimum in this case, and, on balance, the relevant factors clearly point in favor of detention. The submissions by defense counsel, and the statements of family members, does not change that concern.

Having found that Defendant presents a risk of flight and/or danger to the community, the Court must determine whether (despite this risk and/or danger) there is any condition or combination of conditions that could reasonably ensure Defendant's return to the Court and/or the safety of the community.[1] The Court has carefully considered the alternatives to detention, but, given the findings set forth above, concludes that none of these alternatives are appropriate, or will reasonably ensure Defendant's return to court **[X]** and/or the safety of the community **[X].**

### Part VI – Directions Regarding Detention

The Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant must be afforded a reasonable opportunity for private consultation with Defense Counsel. On order of a court of the United States or on request of an Attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

Date:  March 10, 2025
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] A list of some of the conditions available is set forth in 18 U.S.C. §§ 3142(c)(1)(B)(i)-(xiv).